NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. BANDA, JR., : | |
| : | Civil Action No. 07-0869 (KSH) |
| Plaintiff, : | |
| : | |
| v. : | OPINION |
| : | |
| DEVON BROWN, et al., : | |
| : | |
| Defendants. : | |

**KATHARINE S. HAYDEN, U.S.D.J.**

Plaintiff John M. Banda, Jr., an involuntarily-committed sexually-violent predator confined at the Special Treatment Unit in Avenel, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. BACKGROUND

The following factual allegations are taken from plaintiff's complaint and are accepted as true for purposes of this review.

Plaintiff states that he has been involuntarily civilly committed pursuant to New Jersey's "Sexually Violent Predator Act," codified at N.J.S.A. 30:4-27.24, et seq. Plaintiff states that he

was wrongfully committed because he has never been convicted of a predicate sex offense. He also contends that he has been subjected to "coercion" and "threats" by mental health professionals to force him to give self-incriminating statements with regard to dismissed sex offenses. Plaintiff has attached to the complaint a memo that indicates his allegedly inadequate group participation has resulted in suspension of the following privileges: job, television, game system, DVD player and DVDs, CD player and CDs, and cassette player and cassettes.

Plaintiff names as defendants mental health professionals participating in his treatment and their supervisors. Plaintiff seeks $410 million in damages.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation

3

was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

The New Jersey Sexually Violent Predator Act, N.J.S.A. § 30:4-27.24 et seq., establishes an involuntary civil commitment procedure for a sexually violent predator, defined by the act as "a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment," N.J.S.A. § 30:4-27.26.  Further, pursuant to the act, the Department of Corrections is responsible for the operation of any facility designated for the custody, care, and treatment of sexually violent predators, and the Department is required, with limited exceptions, to house such committed sexually violent predators separately from other offenders in the custody of the Department of Corrections.  N.J.S.A. § 30:4-27.34(a).  The Division of Mental Health Services in the Department of Human Services is required to provide or arrange for treatment appropriately tailored to address the specific needs of sexually violent predators.  N.J.S.A. § 30:4-27.34(b).

This is at least the fifth complaint that plaintiff has filed in this Court asserting that he was unconstitutionally civilly committed and subjected to a treatment plan pursuant to the Sexually Violent Predator Act.  All four previous complaints have been dismissed for failure to state a claim and the Court of Appeals for the Third Circuit has dismissed, pursuant to § 1915(e)(2)(B), those prior dismissals which were appealed.  See, e.g., Banda v. State of New

Jersey, Civil Action No. 04-5632 (AET), appeal dismissed, 134 Fed.Appx. 529 (3d Cir. June 7, 2005); Banda v. New Jersey Special Treatment Unit, Civil Action No. 05-2078 (WJM), appeal dismissed, 164 Fed.Appx. 286 (3d Cir. Feb. 3, 2006); Banda v. N.J. Dept. of Mental Health Services, Civil Action No. 05-2622 (WJM), appeal dismissed, 160 Fed.Appx. 270 (3d Cir. Jan. 4, 2006); Banda v. McGreevey, Civil Action No. 06-0093 (PGS).  Although the named defendants have differed in each action, the gravamen of the challenge has been the same, that plaintiff has never been convicted of a predicate sexually violent offense.

In Banda v. New Jersey Special Treatment Unit, plaintiff asserted the same claim asserted here that he was wrongfully committed, which has resulted in his being subjected to a treatment regimen requiring him to discuss his prior sexual conduct in violation of his right against self-incrimination.  Accordingly, although the defendants are different in this action, this Court is constrained to follow the rulings of the Third Circuit that the allegations of the complaint fail to state a claim.  See also, e.g., Heck v. Humphrey, 512 U.S. 477 (1994); McKune v. Lile, 536 U.S. 24 (2002) (adverse consequences faced by convicted sex offender, for refusing to make admissions required for participation in prison sexual abuse treatment program, were not so severe as to amount to compelled self-incrimination); Allison v. Snyder, 332 F.3d 1076 (7th Cir.) (group therapy program for civilly-confined sex offenders did not violate privilege against compelled self-incrimination or due process clause), cert. denied, 540 U.S. 985 (2003).

To the extent the complaint could be construed as asserting any state law claims, this Court declines to exercise supplemental jurisdiction over those claims.  See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000); 28 U.S.C. § 1367(c)(3).

## V. CONCLUSION

For the reasons set forth above, the complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. It does not appear that plaintiff could amend the complaint to state a claim at this time. An appropriate order will be entered.

/s/ Katharine S. Hayden<br>
Katharine S. Hayden<br>
United States District Judge

Dated: May 30, 2007